Mr. Chief Justice Marshall
delivered the opinion of the Court.
This is a motion for a mandamus to the Circuit Court for the District of Columbia, to restore Mr. Burr tó his place of attorney at the bar of that’ Court.
It is a very unusual application, oh which the Court has felt considerable doubts.
*530 On one hand, the profession of an attorney is . of great importance to an individual, and the prosperity of his whole life may depend on its exercise. The right to exercise it ought not- to be lightly or capriciously taken from him. On the other, it is. extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved. For these objects, some controlling power, some discretion, ought to reside in the Court. This discretion ought to be exercised with great moderation and.judgment; but it must be exercised; áñd no other tribunal can decide, in a case of removal from the bar, with the same means of inform'ation as the Court itself. If .there be a revising tribunal, which possesses controlling authority, that.tribunal will always feel the delicacy of interposing its authority, and would do so only in a plain case.
Some doubts are felt in this Court respecting the extent of its authority-as to the conduct of the Circuit and District Courts towards their officers; but without deciding on this question, the Court is not inclined to interpose, unless it were in a case where the conduct of the Circuit or District Court was irregular, or was flagrantly improper.
In the casé atffiar, the proceedings were supposed to be irregular, because Mr. Burr was put to answer charges not made on oath.
That the charges, in a regular complaint against an attorney, ought not to be received and acted on, unless made on oath, is admitted. It is a course of proceeding which is recommended by consi *531 derations, too obvious to require that they should be urged. But this is not a proceeding of that description. The Court did not call on Mr. Burr to answer an accusation in the nature of an information against him. The inquiry was invited by himself; the charges .were made at his instance; and the Court proceeded on them at his request. Mr. Burr himself, then, dispensed with the preliminary step of an affidavit to the charges which were to constitute the subject of that inquiry. He waived this preliminary. The testimony on which the Court proceeded was all on oath, and obtained in a manner which is not exceptionable. There is, then, no irregularity in the mode of proceeding which would justify the interposition of. this Court. It could only interpose, on the ground that the Circuit Court had clearly exceeded its powers, or had decided erroneously on the testimony. The power is one which ought to be exercised with great caution, but which is, wé think, incidental to all Courts, and is necessary for the preservation of decorum, and for the respectability of the profession: Upon the testimony, this Court would not be willing to interpose where any doubt existed. -It is the less inclined to interpose in this case, because the complaint is not of an absolute removal, but of-a suspension, which is nearly expired, after which, Mri Burr may be restored by the. Court itself, should not very serious objections exist to that measure. .
Motion denied.